## Warren Brockway v. William A. Kizer, et al.

1. CREDITOR'S BILL—*what essential to maintenance of bill in nature of.* It is essential to the maintenance of a bill in the nature of a creditor's bill, that it appear that the complainant has exhausted his remedy at law.

Bill in chancery. Error to the Circuit Court of Edgar County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

F. W. DUNDAS, for plaintiff in error; F. T. O'HAIR, of counsel.

F. C. VAN SELLAR, for defendants in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill in chancery filed by plaintiff in error against defendants in error. The bill avers that the defendant, William A. Kizer, is indebted to complainant in the sum of $515, as evidenced by a promissory note, which said note was executed in Illinois in 1893 by the said William A. Kizer, and is payable in Illinois; that from and since the date of such note the said Kizer has not been a resident of, nor in Illinois, but has resided in Indiana; that he had no personal property and no legal title to any real estate either in Illinois or Indiana or elsewhere, out of which any judgment could be realized; that in Indiana where the said Kizer resides, said note is now barred by the Statute of Limitations, and that the said Kizer is the equitable owner of a one-fourth interest in certain real estate in Edgar county, Illinois, a description of which is then set forth.

The relief asked by said bill is that Kizer may be decreed to be the owner of an equitable one-fourth interest in such land, that the amount of his indebtedness to complainant may be decreed a lien thereon, and that it be sold to pay such indebtedness.

The Circuit Court sustained a general demurrer to the bill, and dismissed the same for want of equity. The decree was proper for the reason that it is not averred in the bill that complainant had, prior to the filing of the same, reduced his claim to judgment. The law in this State is well settled that a simple contract creditor cannot invoke the aid of a court of equity to enforce a legal demand. It is not sufficient for the complainant to aver that he has no adequate remedy at law, but it must be further averred, in order to establish that fact, that the claim or demand has been reduced to a judgment. Detroit, etc., v. Ledwidge, 162 Ill. 305; Houston v. Maddux, 179 Ill. 377.

'In this view of the case it will be unnecessary to deter-
mine the other grounds of demurrer assigned. The decree
of the Circuit Court is therefore affirmed without further
discussion.

*Affirmed.*